## STATE v. WILSON TUCKER.

The Supreme Court has no power, under the provisions of the Constitution, to inquire whether the discretion of a Court, in refusing a new trial in a criminal case, on the ground of the misconduct of the jury, was properly exercised.

APPEAL from the District Court of Bossier, *Bullard*, J.

*Caldwell*, District Attorney, for the State, cited Wharton, 897; 1 Chitty, Criminal Law, 655, note e.

*Crawford*, for the accused and appellant, cited *State* v. *Crosby*, 4 An. 434; *State* v. *O'Connor*, 5 An. 398.

LEA, J. (SPOFFORD, J., having been of counsel, recused himself). *Wilson Tucker* was convicted of murder in the District Court for the 17th Judicial District, holding session in the parish of Bossier, and, in accordance with the verdict of the jury, was sentenced to imprisonment and hard labor for life in the penitentiary.

On his application for a new trial and motion in arrest of judgment, the following grounds were submitted to the Court:

1st. That the jurors, after they were sworn, were allowed to separate.

2d. That various persons held private conversations with different members of the jury at different times.

After hearing testimony on these points, the Court refused a new trial, and the motion in arrest of judgment was overruled.

If we considered ourselves at liberty to adjudicate upon the questions of facts determined by the District Judge, we should hesitate to disturb a decision which assuming the veracity of the witnesses, we are not prepared to say is erroneous. The separation of the jury (to invalidate a verdict) should be such as might be supposed to have some effect upon the verdict; the rule cannot be extended to such temporary or necessary separations as may be reasonably anticipated, or must necessarily occur in the course of a protracted trial. In the case at bar it is not shown that any improper intercourse was held with any of the jurors; indeed we think the contrary is affirmatively proved: nor properly speaking, did any separation of the jury take place; the stepping aside of one of the jurors to obtain a drink of water, while under the eye of the Sheriff's deputy, could not, under the circumstances detailed in the evidence, be so considered. The communication of the jury with the Sheriff, who had them in charge, were such as must of necessity occur in every trial of any importance; without some such intercourse it would be impossible for them to communicate with the Court. The Sheriff says that he only spoke to them "when they wanted something." If the deputy Sheriff was intoxicated while in the discharge of his duty, as is alleged in the brief of the defendant's counsel, which, however, can hardly be said to be proved, it would furnish a good reason for his dismissal from office, but could, in no manner, invalidate the verdict of a jury, unless it were shown that the verdict was in some way affected by his misconduct, which is not the case. But we consider it settled, after a careful and elaborate investigation of the question made by our predecessors, that this Court has no power under the provisions of the Constitution, to enquire whether the discretion of a Court in refusing a new trial in a criminal case, on the ground of the misconduct of the jury, was properly exercised.

STATE
v.
TUCKER.

*State* v. *Brette*, 6 An. p. 657; *State* v. *Hunt*, 4 An. and 438. "The Constitution in limiting the jurisdiction of this Court in criminal cases to questions of law alone, by its terms, excluded all cognizance of questions of fact." In *Hornsby's* case as also in that of *Dismond*, to which we have been referred by the defendant's counsel, the separation of the jury was admitted. In the case at bar the fact is expressly denied. We perceive no error to the prejudice of the defendant in the ruling of the Court as shown by the bills of exceptions taken on the trial of the rule for a new trial, and as no reference has been made to them in the brief of the defendant's counsel, we presume they are abandoned.

It is ordered that the judgment be affirmed with costs.